# SCHAFKOPF LAW, LLC
## ATTORNEYS AT LAW

June 5, 2018

U.S. District Court, ED of PA
Office of the Clerk of Court
U.S. Courthouse
601 Market Street, Room 2609
Philadelphia, PA 19106

**Re: Danielle Alston v City of Philadelphia et al**

To Whom It May Concern:

      Enclosed please find one (1) original and one (1) copy of Plaintiff's Civil Action Complaint, along with a CD containing a pdf version of same and a check in the amount of $400.00, in regards to the above captioned matter.

      Kindly file the original Complaint and return a time-stamped copy to the undersigned along with the Civil Action Summonses.

Sincerely,

Gary Schafkopf, Esq.

11 BALA AVENUE • BALA CYNWYD, PA 19004 • PHONE 610-664-5200 Ext. 104 • FAX 888-283-1334

**MILDENBERG LAW FIRM**
Brian R. Mildenberg, Esq.
Attorney ID No. 84861
1735 Market St., Suite 3750
Philadelphia, PA 19103
215-545-4870
Fax: 215-545-4871
Attorney for Plaintiff

**WEISBERG LAW**
Matthew B. Weisberg, Esq.
Attorney ID No. 85570
7 South Morton Ave.
Morton, PA 19070
610-690-0801
Fax: 610-690-0880
Attorney for Plaintiff

**SCHAFKOPF LAW, LLC**
Gary Schafkopf, Esq.
Attorney ID No. 83362
11 Bala Ave.
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-238-1334
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **SERGEANT DANIELLE ALSTON,**<br>**Plaintiff,**<br>**v.** | :<br>:<br>:<br>: **No.** |
| **CITY OF PHILADELPHIA**<br>**d/b/a PHILADELPHIA POLICE**<br>**DEPARTMENT**<br>1515 Arch St, 16th FL<br>Philadelphia, PA 19102, | :<br>: **JURY TRIAL OF TWELVE (12)**<br>: **DEMANDED**<br>: |
| and | : |
| **LIEUTENANT BRIAN DOUGHERTY**<br>*Individually,*<br>*and*<br>*in his official capacity as Lieutenant for the*<br>PHILADELPHIA POLICE DEPARTMENT<br>1515 Arch St, 16th FL<br>Philadelphia, PA 19102,<br>                          **Defendants.** | :<br>:<br>:<br>:<br>:<br>: |

## CIVIL ACTION

Plaintiff, Sergeant Danielle Alston ("Plaintiff") brings this action against her employer, the City of Philadelphia d/b/a the Philadelphia Police Department ("PPD") and her direct supervisor Lieutenant Brian Dougherty ("Defendant Supervisor Dougherty"); (Defendant Supervisor Dougherty and the City are referred to herein as "Defendants"). Defendants have allowed and/or engaged in Plaintiff being sexually harassed; intentionally discriminated against Plaintiff based on her race and gender; and have created a racially gender based hostile work environment in violation of the civil rights of Plaintiff under federal and state law.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction and venue is appropriate in this judicial district because the facts complained of herein occurred in this judicial district, and this Complaint arises under the laws of the United States and seeks redress for violations of federal laws.

## PARTIES

2.      Plaintiff, Danielle Alston is a female African American adult individual who is a Sergeant assigned to the 35th District of the PPD and resides in the Commonwealth of Pennsylvania.  Plaintiff can be served care of her attorneys at the above-captioned address.

3.      Defendant, City of Philadelphia, doing business as the Philadelphia Police Department ("PPD"), is a municipality, duly organized and existing under the laws of the Commonwealth of Pennsylvania, with an address for service at the above captioned address.

4.      Defendant, Lieutenant Brian Dougherty ("Defendant Supervisor Dougherty"), is a white male adult individual who, at all times material herein, was and is employed as a Lieutenant assigned to the 35th District of the PPD.  Defendant is sued both individually and in his official capacity.

2

## **FACTUAL BACKGROUND**

5.      Plaintiff is a member of the protected classes, to wit: African American and female.

6.      The PPD meets the definition of employer as defined under Federal and Commonwealth laws.

7.      Plaintiff has been employed with the PPD since 2003 – approximately 15 years and has been assigned to the 35th District for approximately 2 years.

8.      Upon her information and belief, Plaintiff is the only Black female Sergeant in her unit.

9.      At all times relevant, Plaintiff has performed her duties of employment in a satisfactory – if not exemplary manner.

10.     In or near March 2017, Defendant Supervisor Dougherty was assigned to the 35th District.

11.     During that same time in or near March 2017, Inspector Anthony Washington; Captain Ernest Ransom (collectively "Commanding Officers"); and Sergeant Kevin Gorman ("Gorman") were also assigned to the 35th District.

12.     At all times relevant, the Commanding Officers and Defendant Supervisor Dougherty are and were in Plaintiff's direct chain-of-command.

13.     At all times relevant, Defendant Supervisor Dougherty is and was the direct supervisor of Plaintiff.

3

14.     Prior to the Commanding Officers, Defendant Supervisor Dougherty, and Gorman's arrival to the 35th District, Plaintiff had no disciplinary issues during her 15 years of service with the PPD.

15.     Plaintiff never had any type of personal relationship inside or outside of work with the Commanding Officers, Defendant Supervisor Dougherty, or Gorman.

16.     Upon information and belief, the Commanding Officers, Defendant Supervisor Dougherty, and Gorman all have close personal friendships at work which also extends outside of work into each's personal lives.

17.     Any and all communication, including but not limited to text messages, phone calls or emails, that Plaintiff has initiated with the Commanding Officers, Defendant Supervisor Dougherty, and/or Gorman has been related to her employment duties with the PPD.

18.     Plaintiff has never had any personal communication with Commanding Officers, Defendant Supervisor Dougherty, or Gorman.

19.     In general, Plaintiff rarely exchanges any communication with the Commanding Officers, Defendant Supervisor Dougherty, and/or Gorman.

20.     Prior to the Commanding Officers, Defendant Supervisor Dougherty, and Gorman's arrival to the 35th District Plaintiff had strong and respectful working relationships with her previous commanding officers, supervisors, colleagues, and subordinates.

21.     Prior to the Commanding Officers, Defendant Supervisor Dougherty, and Gorman's arrival to the 35th District, Plaintiff has fostered high morale and has maintained strong working relationships with the subordinates in her group[1] (Group A) as well as the supervisors and members of Groups B and C.

---

[1] Plaintiff's Unit is and was comprised of 3 groups of police officers: Groups A, B, and C. Plaintiff is and was in charge of and supervised Group A.

22.     Prior to the Commanding Officers, Defendant Supervisor Dougherty, and Gorman's arrival to the 35th District, the supervisors of Groups A, B, and C (which included Plaintiff) worked well together as well.

23.     Prior to Plaintiff becoming the supervising Sergeant over Group A, Group A was known to have low morale as well as performance and attendance issues.

24.     However following Plaintiff taking over Group A, Group A's morale has skyrocketed as Group A now leads the Unit with logging the most arrests; the most radio calls; the most activity; and attendance in general and at court has exponentially improved.

25.     Upon Gorman's arrival in or near March 2017, Gorman was assigned to supervise Group C.

26.     Upon information and belief Defendants have systemically and intentionally sexually harassed Plaintiff and which has caused a severe and pervasive hostile work environment.

27.     Upon information and belief Defendants have systemically and intentionally discriminated against her based her race and gender which has caused a severe and pervasive hostile work environment.

## ENVIRONMENT OF SEXUAL HARASSMENT

28.     Defendant Supervisor Dougherty sexually harassed and has specifically singled out Plaintiff based on her race and gender.

29.     Plaintiff is Defendant Supervisor Dougherty's direct subordinate.

30.     Defendant Supervisor Dougherty treats and continues to treat Plaintiff less favorably than similarly situated non-minority, non-female Sergeants.

31.     In addition to the inappropriate and abusive treatment Plaintiff endured, the most extreme and offensive example of Defendant Supervisor Dougherty's sexual and gender based harassment against Plaintiff is as follows:

a.      On or about September 16, 2017, while both Defendant Supervisor Dougherty and Plaintiff were on duty inside the 35th District building, Defendant Supervisor Dougherty sent Plaintiff a text message with a picture of a penis.  Shortly after sending the text message, Defendant Supervisor Dougherty walked to where Plaintiff was working and informed her that the text was "a joke" and to "disregard the message." Following that statement, Defendant Supervisor Dougherty left the area to return to his workstation.  A few minutes later, Defendant Supervisor Dougherty sent a second text message stating that the text message "was meant for his wife" and that "it was a picture of his uncle." Plaintiff did not respond to Defendant Supervisor Dougherty's messages or the picture; nor does Plaintiff know the motivation behind the picture being sent.

32.     The systemic racial and gender discrimination and hostile environment are as follows:

b.      Despite Plaintiff rarely communicating with Gorman and or Defendant Supervisor Dougherty, Plaintiff's subordinates as well as members of Group C approached Plaintiff to inform Plaintiff that Gorman and Defendant Supervisor Dougherty would habitually spew racially and sexually disparaging remarks about Plaintiff.  According to the subordinates, Gorman as well as Defendant Supervisor Dougherty's discussed these racist and sexist remarks weekly; sometimes daily.

6

c.    On several occasions Gorman has called Plaintiff a "black bitch[2]" within earshot of other subordinates and staff. The most recent instance of Gorman calling Plaintiff a black bitch was in or around April 2017. Gorman (in breaking the policy regarding the process to classify and request vacation time) attempted call out of a shift by using an unauthorized and unapproved vacation day – at the very same time that Plaintiff was leaving work for a preapproved and publicly documented vacation day.

Shortly thereafter Gorman learned that he would not be able to take the unauthorized vacation day because there would be no supervisor coverage due to Plaintiff's preauthorized and posted vacation. This information angered Gorman as he then arrived at the 35th district, sought out Plaintiff, and cornered Plaintiff in a secluded office/locker room where she had been working. Gorman yelled obscenities at Plaintiff, and called her a "stupid black bitch." Additionally, Plaintiff felt physically threatened by Gorman and left the room once Gorman physically stood over Plaintiff who was seated. Gorman's tantrum was so loud that others came to check to see what the commotion was and if Plaintiff was okay. During Gorman's tantrum, Plaintiff never raised her voice nor did Plaintiff ever use obscenities or abusive language. Plaintiff left the altercation and left for her vacation.

a.    On at least one occasion, while Gorman was off duty at a bar with other officers; some of whom were not assigned to the 35th District. While at the bar Gorman continued to spew racially and sexually disparaging remarks about Plaintiff. Unbeknownst to Gorman, one of the officers who was present knew and reported to Plaintiff's former husband.

7

## LACK OF REDRESS BY COMMANDING OFFICERS

33.     Upon information and belief, the Commanding Officers are aware of Gorman's behavior but have refused to address it.

34.     Upon information and belief, Defendant Supervisor Dougherty is aware of Gorman's behavior but also has refused to address it.  For example: following Gorman's vacation tantrum discussed *supra*, Gorman complained about the "vacation" exchange he had with Plaintiff to his direct supervisor and personal friend, Defendant Supervisor Dougherty. Defendant Supervisor Dougherty based his opinion of the altercation solely on Gorman's inaccurate account of the nature of the altercation.  Defendant Supervisor Dougherty never asked Plaintiff to explain her account of what happened nor did Defendant Supervisor Dougherty verify the documentation that would show any vacation request.  Instead, Defendant Supervisor Dougherty summonsed Plaintiff to his office and verbally reprimanded Plaintiff for breaking the vacation policy and for failing to follow the vacation request procedure.  Taken aback, Plaintiff described Gorman's behavior to Defendant Supervisor Dougherty and gathered the documentation to show that she indeed followed protocol.  Defendant Supervisor Dougherty never met with or reprimanded Gorman for his deplorable behavior.

35.     When Plaintiff's former husband approached Plaintiff about what he had heard from Gorman's bar discussion, Plaintiff finally admitted to the poor treatment she had been suffering at the hands of Defendant Supervisor Dougherty and Gorman.

36.     Plaintiff explained to her former husband that she felt paralyzed and uncomfortable report anything because the Commanding Officers knew exactly what has been happening to but refuse to acknowledge or remedy it.

37. Plaintiff has attempted to contact Captain Ernest Ransom to discuss the harassment several times through handwritten notes and phone calls but Captain Ransom never responded. Plaintiff also has physically gone to Captain Ransom's office to attempt to meet with him. However, Captain Ransom blatantly has continually refused to speak with Plaintiff and never agreed or responded to any meeting requests.

38. Plaintiff could not report this treatment to Inspector Anthony Washington because Inspector Washington, himself, has a documented history of sexual misconduct. Former Commissioner Charles Ramsey refused to promote Inspector Washington because of his sexual misconduct and a lawsuit that filed by another PPD female officer. Commissioner Ramsey retired from the PPD in 2016 and Inspector Washington was subsequently promoted despite his sexual misconduct.

39. Gorman has a reputation of treating women and members other races inappropriately. In or near October 2017 Gorman was temporarily transferred out[3] of the 35th District only to be returned to the 35th District just 2 months later due to his inability to get along with others.

40. Defendants continue to foster a racially and sexually based hostile work environment by intentionally targeting and discriminating against Plaintiff to such a severe degree that there is a crisis of racial discrimination and sexual harassment in the 35th District.

### COUNT I – CIVIL RIGHTS VIOLATION 42 U.S.C. § 1983
### HARASSMENT, DISCRIMINATION AND HOSTILE WORK ENVIRONMENT
### ON THE BASIS OF GENDER AND RACE

---

[3] Gorman was transferred to another district due to another member of the PPD being the subject of an unrelated investigation. They swapped districts pending the outcome of the PPD Member's investigation however Gorman returned to the 35th District only 2 months later due to his behavior.

41.     Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

42.     As a result of Defendants' actions as aforesaid, Defendants have denied Plaintiff the right to the same terms, conditions, privileges and benefits of their employment agreement with the City of Philadelphia Police Department, in violation of 42 U.S.C. § 1981.

43.     Such violation of 42 U.S.C. § 1981 is actionable against the City of Philadelphia, a municipal entity, pursuant to 42 U.S.C. § 1983.

44.     Defendants have cultivated a hostile environment, racial discrimination, and sexual harassment against Plaintiff based on her race and gender.

45.     Defendants have caused Plaintiff to suffer humiliation and embarrassment, emotional distress, and have sustained damages for which recovery of compensatory damages may be had pursuant to 42 U.S.C. § 1983.

46.     Said hostile environment, racial discrimination, and sexual harassment against Plaintiff were pervasive and regular.

47.     Said hostile environment, racial discrimination, and sexual harassment against Plaintiff have affected Plaintiff to her detriment.

48.     Said hostile environment, racial discrimination, and sexual harassment would detrimentally affect a reasonable person under similar circumstances.

49.     Said racial discrimination, and sexual harassment has caused a hostile work environment.

50.     Said racial discrimination, and sexual harassment has exacerbated the already hostile work environment to the point of a crisis.

51.     Said violations were done intentionally and/or knowingly with malice or reckless indifference, and warrant the imposition of punitive damages.

52.     As a direct and proximate result of Defendants' violation of 42 U.S.C. § 1983 Plaintiff has suffered the damages and losses set forth herein and have incurred attorneys' fees and costs.

53.     Plaintiff is suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts and sexual misconduct unless and until this Court grants the relief requested herein.

54.     The wrongful acts and conduct of Defendants were done with deliberate indifference to the statutory and constitutional rights of Plaintiff.

**COUNT II - TITLE VII VIOLATION**
**SEXUAL HARASSMENT, RACIAL DISCRIMINATION, AND**
**HOSTILE WORK ENVIRONMENT**

55.     Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

56.     Plaintiff is a member of a protected class.

57.     Defendants have intentionally discriminated against Plaintiff based on her gender and race by using racially charged disparaging remarks toward Plaintiff and to Plaintiff's co-workers of all ranks.

58.     Defendants have intentionally discriminated against Plaintiff based on her gender and race when Plaintiff's direct supervisor, Defendant Supervisor Dougherty sent Plaintiff a picture of presumably his penis through text message while on duty.

59.     Because of the nature of Defendant Supervisor Dougherty behavior when he sending Plaintiff a picture of a penis, no inference of sexual harassment or any pretext is required.

60.     Defendants have subjected Plaintiff to the aforementioned adverse actions by creating a hostile work environment.

61.     Defendants have subjected Plaintiff to the aforementioned adverse actions by creating failing to address the poor treatment and sexual harassment endured by Plaintiff.

62.     Said sexual harassment, racial discrimination, and hostile environment against Plaintiff were pervasive and regular.

63.     Said sexual harassment, racial discrimination, and hostile environment have affected Plaintiff to her detriment.

64.     Said sexual harassment, racial discrimination, and hostile environment would detrimentally affect a reasonable person under similar circumstances.

65.     Said sexual harassment and racial discrimination has caused this hostile work environment.

66.     Said sexual harassment, racial discrimination, has exacerbated the already hostile work environment to the point of a crisis.

67.     Plaintiff is suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts and sexual misconduct unless and until this Court grants the relief requested, including monetary damages, unless and until this Court grants the relief requested herein.

68.     Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

69.     Defendants have intentionally discriminated against Plaintiff based on her race and created a hostile work environment in violation of the PHRA.

70.     Said violations were intentional and willful.

71.     As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff had sustained the injuries, damages, and losses set forth herein and have incurred attorneys' fees and costs.

72.     Plaintiff suffers and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' acts unless and until the Court grants the relief requested herein.

### COUNT IV - PFPO VIOLATION

73.     Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

74.     Defendants, by the above sexual harassment and improper discriminatory acts, have violated the PFPO.

75.     Said violations were intentional and willful.

76.     As a direct and proximate result of Defendants' conduct, Plaintiff has sustained the injuries, damages, and losses set forth herein and have incurred attorneys' fees and costs

77.     Plaintiff suffers and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' acts unless and until the Court grants the relief requested herein.

### RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection to Defendants' improper conduct and specifically prays that this Court grant the following relief to Plaintiff:

a) declaring the acts and practices complained of herein to be in violation of Sections 1981 and 1983;

b) declaring the acts and practices complained of herein to be in violation of Title VII;

c) declaring the acts and practices complained of herein to be in violation of the PHRA;

d) declaring the acts and practices complained of herein to be in violation of the PFPO;

e) enjoining and permanently restraining the violations alleged herein;

f) entering judgment against the Defendants and in favor of Plaintiff in an amount to be determined;

g) awarding compensatory damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff have suffered or may suffer as a result of Defendants' improper conduct;

h) awarding compensatory damages for Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has and will continue to suffer as a result of Defendants' improper conduct

i) awarding punitive damages to Plaintiff;

j) awarding Plaintiff such other damages as are appropriate under Sections 1981 and 1983, Title VII, the PHRA, and the PFPO;

k) awarding Plaintiff the costs of suit, attorneys' fees; and expert fees and other; and

l) granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past

violations and preventing future violations.

Respectfully Submitted,

WEISBERG LAW                              MILDENBERG LAW FIRM

BY: */s/ Matthew Weisberg*                BY: */s/ Brian R Mildenberg*
MATTHEW B. WEISBERG, ESQ                  BRIAN R. MILDENBERG, ESQ
DATED: 6-5-18                             DATED: 6-5-18


SCHAFKOPF LAW, LLC

BY:
GARY SCHAFKOPF, ESQ
DATED: 6-5-18

15

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Sergeant Danille Alston

## DEFENDANTS
City of Philadelphia d/b/a Philadelphia Police Department, and Lieutenant Brian Dougherty

**(b)** County of Residence of First Listed Plaintiff  Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Schafkopf Law, 11 Bala Ave Bala Cynwyd PA 19004, 610-664-5200
Weisberg Law, 7 S. Morton Ave Morton PA 19070; 610-0801
Mildenberg Law, 1735 Market Street Phila PA 19103; 215-545-4870

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
       Plaintiff

☒ 3  Federal Question
       *(U.S. Government Not a Party)*

☐ 2  U.S. Government
       Defendant

☐ 4  Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment
       & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted
       Student Loans
       (Excludes Veterans)
☐ 153 Recovery of Overpayment
       of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product
       Liability
☐ 320 Assault, Libel &
       Slander
☐ 330 Federal Employers'
       Liability
☐ 340 Marine
☐ 345 Marine Product
       Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle
       Product Liability
☐ 360 Other Personal
       Injury
☐ 362 Personal Injury -
       Medical Malpractice

### CIVIL RIGHTS
☒ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/
       Accommodations
☐ 445 Amer. w/Disabilities -
       Employment
☐ 446 Amer. w/Disabilities -
       Other
☐ 448 Education

**PERSONAL INJURY**
☐ 365 Personal Injury -
       Product Liability
☐ 367 Health Care/
       Pharmaceutical
       Personal Injury
       Product Liability
☐ 368 Asbestos Personal
       Injury Product
       Liability
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal
       Property Damage
☐ 385 Property Damage
       Product Liability

### PRISONER PETITIONS
**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate
       Sentence
☐ 530 General
☐ 535 Death Penalty
**Other:**
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee -
       Conditions of
       Confinement

### FORFEITURE/PENALTY
☐ 625 Drug Related Seizure
       of Property 21 USC 881
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards
       Act
☐ 720 Labor/Management
       Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical
       Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Retirement
       Income Security Act

### IMMIGRATION
☐ 462 Naturalization Application
☐ 465 Other Immigration
       Actions

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal
       28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff
       or Defendant)
☐ 871 IRS—Third Party
       26 USC 7609

### OTHER STATUTES
☐ 375 False Claims Act
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and
       Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/
       Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information
       Act
☐ 896 Arbitration
☐ 899 Administrative Procedure
       Act/Review or Appeal of
       Agency Decision
☐ 950 Constitutionality of
       State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
     Proceeding

☐ 2 Removed from
     State Court

☐ 3 Remanded from
     Appellate Court

☐ 4 Reinstated or
     Reopened

☐ 5 Transferred from
     Another District
     *(specify)*

☐ 6 Multidistrict
     Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
Title VII and 42 USC Section 1983

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
   UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE

DOCKET NUMBER

DATE
06/05/2018

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Sergeant Daniell Alston | : | CIVIL ACTION |
| v. | : | |
| City of Philadelphia et al | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                                        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                                               ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)                                                                                                ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.         (X)

| | | |
|---|---|---|
| 6-5-18 | Gary Schafkopf, Esq | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-664-5200 | 888-283-1334 | gary@schaflaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: __C/O Weisberg Law 7 South Morton Ave Morton PA 19070__

Address of Defendant: __1515 Arch St, 16th Fl, Philadelphia, PA 19102__

Place of Accident, Incident or Transaction: __Philadelphia__

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒
*RELATED CASE, IF ANY:*
Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, __Gary Schafkopf, Esq__, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☒ Relief other than monetary damages is sought.

DATE: __6-5-18__   __Gary Schafkopf, Esq__   __83362__
Attorney-at-Law   Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __6-5-18__   __Gary Schafkopf, Esq__   __83362__
Attorney-at-Law   Attorney I.D.#

CIV. 609 (5/2012)