| MILDENBERG LAW FIRM | WEISBERG LAW | SCHAFKOPF LAW, LLC |
|---|---|---|
| Brian R. Mildenberg, Esq. | Matthew B. Weisberg, Esq. | Gary Schafkopf, Esq. |
| Attorney ID No. 84861 | Attorney ID No. 85570 | Attorney ID No. 83362 |
| 1735 Market St., Suite 3750 | L. Anthony DiJiacomo, III, Esq | 11 Bala Ave. |
| Philadelphia, PA 19103 | Attorney ID No. 321356 | Bala Cynwyd, PA 19004 |
| 215-545-4870 | 7 South Morton Ave. | 610-664-5200 Ext 104 |
| Fax: 215-545-4871 | Morton, PA 19070 | Fax: 888-238-1334 |
| Attorney for Plaintiff | 610-690-0801 | Attorney for Plaintiff |
| | Fax: 610-690-0880 | |
| | Attorneys for Plaintiff | |

## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SERGEANT DANIELLE ALSTON, | : | |
| | : | |
| Plaintiff, | : | No.: 18-02362 |
| v. | : | |
| | : | JURY TRIAL OF TWELVE (12) |
| CITY OF PHILADELPHIA | : | DEMANDED |
| d/b/a PHILADELPHIA POLICE | : | |
| DEPARTMENT | : | |
| 1515 Arch St, 16th FL | : | |
| Philadelphia, PA 19102, | : | |
| | : | |
| And | : | |
| | : | |
| LIEUTENANT BRIAN DOUGHERTY | : | |
| *Individually, and in his official capacity as Lieutenant for the* | : | |
| PHILADELPHIA POLICE DEPARTMENT | : | |
| 1515 Arch St, 16th FL | : | |
| Philadelphia, PA 19102 | : | |
| | : | |
| Defendants. | : | |

## FIRST AMENDED CIVIL ACTION COMPLAINT

## I.   NATURE OF ACTION

1.     Plaintiff, Sergeant Danielle Alston, brings this action against her employer, Defendant, City of Philadelphia d/b/a Philadelphia Police Department ("PPD") and her direct supervisor, Defendant, Lieutenant Brian Dougherty. Defendants have allowed and/or caused Plaintiff to be sexually harassed; intentionally discriminated against Plaintiff based on her race and gender; and have created a racially and gender based hostile work environment in violation of Plaintiff's civil rights under federal and state law.

## II.   JURISDICTION AND VENUE

2.     Plaintiff incorporates the foregoing paragraph as if set forth at length herein.

3.     Jurisdiction in this Honorable Court is based on federal question(s) pursuant to 28 U.S.C. §1331; supplemental jurisdiction over state law claims is granted by 28 U.S.C. §1367.

4.     Venue is proper in the Eastern District of Pennsylvania, as the facts and occurrences involved in the sexual harassment and discrimination complained of herein occurred within this Judicial District.

## III.   PARTIES

5.     Plaintiff incorporates the foregoing paragraph as if set forth at length herein.

6.     Plaintiff, Sergeant Danielle Alston, is a female African American adult individual who possesses the rank of Sergeant and is assigned to the 35th District of the PPD. Plaintiff resides in the Commonwealth of Pennsylvania and can be served care of her attorneys at the above-captioned address.

7.     Defendant, City of Philadelphia doing business as the Philadelphia Police Department ("PPD"), is a municipality, duly organized and existing under the laws of the Commonwealth of Pennsylvania, with an address for service at the above captioned address.

8.      Defendant, Lieutenant Brian Dougherty, is a white male adult individual who, at all times material herein, was and is employed as a Lieutenant assigned to the 35th District of the PPD. Defendant is sued both individually and in his official capacity.

## IV.    OPERATIVE FACTS

9.      Plaintiff incorporates the foregoing paragraph as if set forth at length herein.

10.     Plaintiff is a member of two protected classes: African American and female.

11.     Plaintiff has been employed with the PPD since 2003 – approximately 15 years and has been assigned to the 35th District for approximately 2 years.

12.     Upon her information and belief, Plaintiff is the only Black female Sergeant in her unit.

13.     At all times material hereto, Plaintiff has performed her duties of employment in a satisfactory – if not exemplary – manner.

14.     In or around March 2017, Defendant Dougherty ("Defendant Supervisor") was assigned to the 35th District.

15.     In or around March 2017, Inspector Anthony Washington; Captain Ernest Ransom (collectively "Commanding Officers"); and Sergeant Kevin Gorman ("Gorman") were also assigned to the 35th District.

16.     At all times material hereto, the Commanding Officers and Defendant Supervisor were and remain in Plaintiff's direct chain-of-command.

17.     At all times material hereto, Defendant Supervisor was and remains the direct supervisor of Plaintiff.

18.     Prior to the Commanding Officers, Defendant Supervisor, and Gorman's arrival to the 35th District, Plaintiff had no disciplinary issues during her 15 years of service with the PPD.

19.     Plaintiff never had any type of personal relationship inside or outside of work with the Commanding Officers, Defendant Supervisor, or Gorman.

20.     Upon information and belief, the Commanding Officers, Defendant Supervisor, and Gorman all have close personal friendships at work which also extends outside of work into each person's personal lives.

21.     Any and all communication, including but not limited to text messages, phone calls or emails, that Plaintiff has initiated with the Commanding Officers, Defendant Supervisor, and/or Gorman has been related to her employment duties with the PPD.

22.     Plaintiff has never had any personal communication with Commanding Officers, Defendant Supervisor, or Gorman.

23.     In general, Plaintiff rarely exchanges any communication with the Commanding Officers, Defendant Supervisor, and/or Gorman.

24.     Prior to the Commanding Officers, Defendant Supervisor, and Gorman's arrival to the 35th District Plaintiff had strong and respectful working relationships with her previous commanding officers, supervisors, colleagues, and subordinates.

25.     Plaintiff's Unit was and remains comprised of 3 groups of police officers: Groups A, B, and C. Plaintiff is and was in charge of and supervises Group A.

26.     Prior to the Commanding Officers, Defendant Supervisor, and Gorman's arrival to the 35th District, Plaintiff has fostered high morale and has maintained strong working relationships with the subordinates in her group (Group A) as well as the supervisors and members of Groups B and C.

27.     Prior to the Commanding Officers, Defendant Supervisor, and Gorman's arrival to the 35th District, the supervisors of Groups A, B, and C, including Plaintiff, worked well together as well.

28.     Prior to Plaintiff becoming the supervising Sergeant of Group A, Group A was known to have low morale, as well as performance and attendance issues.

29.     However, following Plaintiff assignment as supervising Sergeant of Group A, Group A's morale has skyrocketed, and Group A now leads the Unit with logging the most arrests, radio calls, and activity. Further, Group A's attendance in general, and at court in particular, has exponentially improved.

30.     Upon Gorman's arrival in or near March 2017, Gorman was assigned to supervise Group C.

31.     Defendant Supervisor sexually harassed and specifically singled out Plaintiff based on her race and gender and treats Plaintiff less favorably than similarly situated non-minority, non-female Sergeants.

32.     For example, on or about September 16, 2017, while both Defendant Supervisor and Plaintiff were on duty inside the 35th District building, Defendant Supervisor sent Plaintiff a text message with a picture of a penis.

33.     Shortly after sending the text message, Defendant Supervisor Dougherty walked to where Plaintiff was working and informed her that the text was "a joke" and to "disregard the message." Following that statement, Defendant Supervisor left the area to return to his workstation.

34.     A few minutes later, Defendant Supervisor sent a second text message stating that the text message "was meant for his wife" and that "it was a picture of his uncle."

35.     Plaintiff did not respond to Defendant Supervisor's messages or the picture; nor does Plaintiff know the motivation behind the picture being sent.

36.     Likewise, Defendant Supervisor has subjected Plaintiff to a hostile work environment based on Plaintiff's race.

37.     Despite Plaintiff rarely communicating with Gorman or Defendant Supervisor, Plaintiff's subordinates in Group A, as well as members of Group C, have approached Plaintiff to inform Plaintiff that Gorman and Defendant Supervisor habitually spew racially and sexually disparaging remarks about Plaintiff.  According to the subordinates, Gorman as well as Defendant Supervisor discussed these racist and sexist remarks concerning Plaintiff on a weekly, sometimes daily, basis.

38.     On several occasions, Gorman has called Plaintiff a "black bitch" within earshot of other subordinates and staff.  The most recent known instance of Gorman calling Plaintiff a black bitch was in or around April 2017.  Gorman (in breaking the policy regarding the process to classify and request vacation time) attempted to call out of a shift by using an unauthorized and unapproved vacation day – at the very same time that Plaintiff was leaving work for a preapproved and publicly documented vacation day.

39.     Shortly thereafter, Gorman learned that he would not be able to take the unauthorized vacation day because there would be no supervisor coverage due to Plaintiff's preauthorized and posted vacation.

40.     Upon arrival at the 35th district, Gorman sought out Plaintiff and cornered her in a secluded office/locker room where she had been working. Gorman yelled obscenities at Plaintiff, including calling her a "stupid black bitch" while Plaintiff felt physically threatened by Gorman who stood over Plaintiff while he screamed.

41.     Gorman's tantrum was so loud that others came to check to see what the commotion was and if Plaintiff was okay.

42.     On yet another occasion, Plaintiff learned that Gorman spewed racially and sexually disparaging remarks about Plaintiff while off-duty with other PPD officers at a local bar.

43.     Upon information and belief, the Commanding Officers are aware of Gorman's behavior but have refused to address it.

44.     Upon information and belief, Defendant Supervisor is aware of Gorman's behavior but also has refused to address it.  For example, following Gorman's aforementioned vacation tantrum, Gorman complained about the "vacation" exchange he had with Plaintiff to his direct supervisor and personal friend, Defendant Supervisor.

45.     Without consulting with Plaintiff concerning her version of events, Defendant Supervisor summoned Plaintiff to his office and verbally reprimanded Plaintiff for breaking the vacation policy and for failing to follow the vacation request procedure.

46.     Taken aback, Plaintiff described Gorman's behavior to Defendant Supervisor and gathered the documentation to show that she indeed followed protocol. Despite clear evidence that Gorman had in fact broken the vacation policy, Defendant Supervisor never met with or reprimanded Gorman for his deplorable behavior.

47.     Plaintiff has attempted to contact Captain Ernest Ransom to discuss the ongoing harassment and discrimination several times through handwritten notes and phone calls but Captain Ransom never responded.

48.     In fact, Plaintiff also has physically gone to Captain Ransom's office to attempt to meet with him.  However, Captain Ransom blatantly has continually refused to speak with Plaintiff and never agreed or responded to any meeting requests.

49.     Plaintiff could not report this treatment to Inspector Anthony Washington because Inspector Washington, himself, has a documented history of sexual misconduct.

50.     Former Commissioner Charles Ramsey refused to promote Inspector Washington because of his sexual misconduct and a lawsuit that filed by another PPD female officer. Commissioner Ramsey retired from the PPD in 2016 and Inspector Washington was subsequently promoted despite his sexual misconduct.

51.     Gorman has a reputation of treating women and members other races inappropriately.

52.     Defendants continue to foster a racially and sexually-based hostile work environment by intentionally targeting and discriminating against Plaintiff to such a severe degree that there is a crisis of racial discrimination and sexual harassment in the 35th District.

## V.   COUNTS OF ACTION

### COUNT I
### Civil Rights Violations Consisting of Harassment, Discrimination, & Hostile Work Environment on the Basis of Gender & Race
*42 U.S.C. § 1983*

53.     Plaintiff incorporates the foregoing paragraph as if set forth at length herein.

54.     Defendant Supervisor - Lieutenant Brian Dougherty – at all material times acted under the color of state law.

55.     Defendant Supervisor exercised managerial control over Plaintiff.

56.     Defendant Supervisor caused Plaintiff to suffer intentional discrimination because of Plaintiff's gender and race, which was pervasive and regular, and ongoing, creating a hostile work environment for Plaintiff.

57.     Defendant Supervisor has caused Plaintiff to suffer humiliation and embarrassment, emotional distress, and have sustained damages for which recovery of compensatory damages may be had pursuant to 42 U.S.C. § 1983.

58.     As a direct and proximate result of Defendants' violation of 42 U.S.C. § 1983 Plaintiff

has suffered the damages and losses set forth herein and have incurred attorneys' fees and costs.

59.     Plaintiff is suffering and will continue to suffer irreparable injury and monetary damages

as a result of Defendants' discriminatory acts and sexual misconduct unless and until this Court

grants the relief requested herein.

60.     Defendant Supervisor's actions would detrimentally affect a reasonable person under

similar circumstances.

61.     Defendant Supervisor's actions have exacerbated the already hostile work environment to

the point of a crisis.

### COUNT II
### Civil Rights Violations Consisting of Racial Discrimination
*42 U.S.C. § 1981 via 42 U.S.C. § 1983*

62.     Plaintiff incorporates the foregoing paragraph as if set forth at length herein.

63.     The PPD meets the definition of employer as defined under Federal and Commonwealth

laws.

64.     As a result of Defendants' actions as aforesaid, Defendants have denied Plaintiff the right

to the same terms, conditions, privileges and benefits of their employment agreement with the

City of Philadelphia Police Department, in violation of 42 U.S.C. § 1981.

65.     Such violation of 42 U.S.C. § 1981 is actionable against the City of Philadelphia, a

municipal entity, pursuant to 42 U.S.C. § 1983.

## VI.   PRAYER FOR RELIEF

     **WHEREFORE**, Plaintiff seeks damages and legal and equitable relief in connection

to Defendants' improper conduct and specifically prays that this Court grant the following

relief to Plaintiff:

a)     declaring the acts and practices complained of herein to be in violation of Sections 1981 and 1983;

b)     enjoining and permanently restraining the violations alleged herein;

c)     entering judgment against the Defendants and in favor of Plaintiff in an amount to be determined;

d)     awarding compensatory damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff have suffered or may suffer as a result of Defendants' improper conduct;

e)     awarding compensatory damages for Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has and will continue to suffer as a result of Defendants' improper conduct

f)     awarding punitive damages to Plaintiff;

g)     awarding Plaintiff such other damages as are appropriate under Sections 1981 and 1983;

h)     awarding Plaintiff the costs of suit, attorneys' fees; and expert fees and other; and

i)     granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

Respectfully Submitted,

WEISBERG LAW

BY: /s/ Matthew Weisberg
MATTHEW B. WEISBERG, ESQ
L. ANTHONY DIJIACOMO, III, ESQ.

MILDENBERG LAW FIRM

BY: /s/ Brian R Mildenberg
BRIAN R. MILDENBERG, ESQ

SCHAFKOPF LAW, LLC

BY: /s/ Gary Schafkopf
GARY SCHAFKOPF, ESQ.

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SERGEANT DANIELLE ALSTON,** | : |
| | : |
| Plaintiff, | :   No.: 18-02362 |
| **v.** | : |
| | :   JURY TRIAL OF TWELVE (12) |
| **CITY OF PHILADELPHIA** | :   DEMANDED |
| **d/b/a PHILADELPHIA POLICE** | : |
| **DEPARTMENT** | : |
| 1515 Arch St, 16th FL | : |
| Philadelphia, PA 19102, | : |
| | : |
| And | : |
| | : |
| **LIEUTENANT BRIAN DOUGHERTY** | : |
| *Individually, and in his official capacity as* | : |
| *Lieutenant for the* | : |
| PHILADELPHIA POLICE DEPARTMENT | : |
| 1515 Arch St, 16th FL | : |
| Philadelphia, PA 19102 | : |
| | : |
| Defendants. | : |

## CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 17th day of September, 2018,

a true and correct copy of the foregoing Plaintiff's First Amended Civil Action Complaint was

served via ECF upon the following parties:

Frank E. Wehr, II, Esquire
City of Philadelphia Law Dept
1515 Arch Street, 16th Floor
Philadelphia, PA 19102

WEISBERG LAW

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esq.
*Attorney for Plaintiff*