IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIELLE ALSTON,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 18-2362 |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| Defendants. | : | |

## ORDER

AND NOW, this _____ day of _____, 2018, upon consideration of Defendants' Motion to Dismiss Plaintiff's Amended Complaint and any response thereto, it is hereby **ORDERED** and **DECREED** that Defendants' motion is **GRANTED** and all counts of Plaintiff's amended complaint are **DISMISSED**.

BY THE COURT:

_____
C. DARNELL JONES, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIELLE ALSTON,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 18-2362 |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| Defendants. | : | |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPAINT FOR FAILURE TO STATE A CLAIM

Defendants file this Motion to Dismiss for Failure to State a Claim under Fed. R. Civ. Pro. 12(b)(6), seeking to dismiss all counts of Plaintiff's Amended Complaint. Defendants respectfully request that this Court dismiss all claims against them on the grounds more fully described in the supporting memorandum of law, attached hereto.

Respectfully Submitted,

CITY OF PHILADELPHIA
LAW DEPARTMENT

Date: <u>October 2, 2018</u>  BY: <u> s/ *Frank E. Wehr II* </u>
Frank E. Wehr II
Assistant City Solicitor
Pa. Attorney ID No. 318464
City of Philadelphia Law Dept.
1515 Arch St., 16th Fl.
Philadelphia, PA 19102
(215) 683-5183

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DANIELLE ALSTON,** | : |
| Plaintiff, | : |
| v. | : Civil Action No. 18-2362 |
| **CITY OF PHILADELPHIA, et al.,** | : |
| Defendants. | : |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM

Defendants City of Philadelphia and Brian Dougherty (hereinafter, "Defendants"), through undersigned counsel, move to dismiss both claims in Plaintiff's amended complaint for the following reasons: First, Plaintiff's claims under Section 1983—Count I and II—should be dismissed because Plaintiff has not identified a policy or custom that violates her constitutional rights beyond broad legal conclusions. Second, Plaintiff's Section 1983 direct discrimination claims—contained in Counts I and II—should be dismissed because Plaintiff has not alleged that she suffered the requisite adverse employment action.

## I. STATEMENT OF FACTS[1]

Plaintiff is an African American female who works as a sergeant for the Philadelphia Police Department. Pl.'s Am. Compl. ¶ 6. Defendant Lieutenant Dougherty has supervised

---

[1] Defendants dispute Plaintiff's version of the facts that she does aver, but accepts them as true for the purposes of this motion.

Plaintiff at the 35th District since approximately March of 2017. Id. at ¶ 14. Around that same time, Inspector Anthony Washington, Captain Ernest Ransom, and Sergeant Kevin Gorman were also assigned to the 35th District. Id. at ¶ 15. Plaintiff claims to have been subjected to discriminatory treatment on the basis of her race and gender. Id. at ¶ 31. Specifically, Plaintiff claims that on one occasion Defendant Dougherty sent her a text message containing a picture of a penis, which he later told her was a "joke," and to "disregard the message," and that the picture "was a picture of his uncle," and that it "was meant for his wife." Id. at ¶ 32-34.

Plaintiff further asserts that on several occasions coworker Gorman made racially and sexually disparaging comments about Plaintiff within earshot of subordinates and staff, and off duty at a bar with officers. She also contends that he has referred to her as a "black bitch." Id. at ¶¶ 38, 40, 42. Plaintiff specifically claims that on one occasion in April 2017, Gorman became irate because he was not permitted to use an unapproved vacation day at the same time Plaintiff was leaving work for a preapproved vacation. Id. at ¶¶ 38-39. Plaintiff asserts that when Gorman learned his request for time off was denied because there was no other supervisor coverage he cornered Plaintiff and yelled obscenities at her and called her a "stupid black bitch." Id. at ¶¶ 40. Plaintiff alleges she was later summoned to Defendant Lieutenant Dougherty's office and verbally reprimanded for failing to follow the vacation request procedure based on complaints Dougherty received from Gorman. Id. at ¶ 45. Plaintiff claims to have told Lieutenant Dougherty about Gorman's behavior in the same meeting. Id. at ¶ 46.

In addition, Plaintiff asserts she has attempted to report the alleged harassment to Captain Random through handwritten notes and phone calls, but he did not respond. Id. at ¶ 47. Plaintiff also asserts that Captain Ransom refuses to meet with her to discuss the alleged harassment. Id.

at ¶ 48. Plaintiff contends that she could not report the harassment to Inspector Washington because he has a history of sexual misconduct. Id. at ¶ 49.

## II. STANDARD OF REVIEW

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In deciding a motion to dismiss, a court must determine whether the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id.

"The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Further, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679.

## III. ARGUMENT

### 1. Plaintiff's 42 U.S.C. § 1983 Claims Against the City of Philadelphia—Counts I and II—Fail Because Plaintiff Has Not Identified a Policy or Custom That Violated Plaintiff's Constitutional Rights.

Plaintiff fails to identify a specific custom or policy of the City of Philadelphia ("City") that was the moving force behind any alleged constitutional violations. Thus, Plaintiff fails to

state a plausible claim against the City for violations of Section 1983, and that claim should be dismissed.

Municipalities are generally immune from liability under 42 U.S.C. § 1983 except where the municipality's policy or custom was the moving force behind the constitutional violation. Watson v. Abington Twp., 478 F.3d 144, 155 (3d Cir. 2007). A policy exists "when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" Id. (citing Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990)). Custom requires that a plaintiff demonstrate that "a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." Watson, 478 F.3d at 155. In either case, "a plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." Id.

Further, the plaintiff bears the burden of providing evidence that the identified "policy or custom was the proximate cause of the injuries suffered." Watson, 478 F.3d at 155. "If…the policy or custom does not facially violate federal law, causation can be established only by demonstrat[ing] that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences. A showing of simple or even heightened negligence will not suffice." Berg v. Cnty. of Allegheny, 219 F.3d 261, 276 (3d Cir. 2000).

Under Fed. R. Civ. P. 8(a)(2), a plaintiff must identify the specific custom or policy at issue. McTernan v. City of York, PA, 564 F.3d 636, 658 (3d Cir. 2009). "Mere assertion of an entitlement to relief, without some factual 'showing,' is insufficient[.]" Id. Moreover, where the custom or policy is not facially unconstitutional and, thus, requires proof of deliberate

indifference on the part of the decisionmaker, a plaintiff must plead facts supporting an inference that such deliberate indifference exists. Id. at 658-59.

Plaintiff fails to identify any City of Philadelphia custom or policy that was the moving force behind any alleged constitutional violations. Nor does Plaintiff plead any facts supporting a finding of deliberate indifference on the part of a decisionmaker. Rather, the Complaint is replete with allegations specific to Defendant Dougherty, Sergeant Gorman, and Captain Ransom, not the City of Philadelphia or its decisionmakers. Pl.'s Am. Compl. ¶¶ 31-48. Plaintiff admits she did not report the treatment to Inspector Washington, nor does she aver that she reported the conduct to anyone higher-ranking than Captain Ransom or availed herself of any internal processes or resources to report harassment in the workplace. Id. at ¶ 49. Plaintiff also does not plead that she reported or attempted to report harassment an official who has the power to make policy and is responsible for either the affirmative proclamation of a policy, or acquiescence in a well-settled custom. Therefore, Plaintiff failed to meet the pleading standards for municipal liability claims under Fed. R. Civ. P. 8, and this Court should dismiss those claims.

    **2. Plaintiff's Section 1983 Direct Discrimination—Counts I and II—Claims Fail Because Plaintiff Has Not Alleged That She Suffered An Adverse Employment Action.**

To prevail on a direct discrimination claim Plaintiff must allege and establish that she suffered an adverse employment action. Plaintiff's claims for direct discrimination must fail because she has failed to plead that she suffered an adverse employment action.

To establish a *prima facie* case of discrimination a plaintiff must first establish that: (1) she is a member of a protected class; (2) she was qualified for the position in question; (3) she suffered an adverse employment action; and (4) that adverse employment action gives rise to an inference of unlawful discrimination. Jones v. Sch. Dist. of Phila., 198 F.3d 403, 410–11 (3d

Cir.1999); see Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 n. 6, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981) (quoting McDonnell Douglas, 411 U.S. at 802, 93 S.Ct. 1817). To qualify as "adverse," employment actions must be "serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment." Cardenas v. Massey, 269 F.3d 251, 263 (3d Cir.2001) (quoting Robinson v. City of Pittsburgh, 120 F.3d 1286, 1301 (3d Cir.1997)) (internal quotation marks omitted). "[U]nsubstantiated oral reprimands and unnecessary derogatory comments … do not rise to the level of an adverse employment action." Robinson v. City of Pittsburgh, 120 F.3d 1286, 1300 (3d Cir.2006) (quotation marks omitted), *overruled in part on other grounds by* Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006).

Here, Plaintiff has failed to allege she suffered an adverse employment action or any action that altered the terms, conditions, or privileges of her employment. While Plaintiff alleges she was verbally reprimanded by Defendant Dougherty in April of 2017, a verbal reprimand, without more, does not constitute an adverse employment action. As such, all of Plaintiff's direct discriminations claims should be dismissed.

## IV.     CONCLUSION

In conclusion, Defendants respectfully request that this Honorable Court grant this Motion and dismiss all claims against them.

                                                             Respectfully Submitted,

                                                             CITY OF PHILADELPHIA
                                                             LAW DEPARTMENT

Date: <u>October 2, 2018</u>              BY:  s/ *Frank E. Wehr II*
                                                             Frank E. Wehr II
                                                             Assistant City Solicitor
                                                             Pa. Attorney ID No. 318464
                                                             City of Philadelphia Law Dept.
                                                             1515 Arch St., 16th Fl.
                                                             Philadelphia, PA 19102
                                                             (215) 683-5183

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIELLE ALSTON,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 18-2362 |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Frank E. Wehr II, hereby certify that on this date I caused the foregoing **Defendants Motion to Dismiss Plaintiff's Amended Complaint** to be filed electronically, where it is available for viewing and downloading.

Respectfully Submitted,

CITY OF PHILADELPHIA
LAW DEPARTMENT

Date: October 2, 2018     BY: *s/ Frank E. Wehr II*
Frank E. Wehr II
Assistant City Solicitor